# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**JEREMY LYNN RYDMAN,**

    **Plaintiff,**

v.                                                       **Civil Action No. 3:10cv89**
                                                               **(Judge Bailey)**

**PEOPLE OF THE UNITED STATES,**

    **Defendants.**

## ORDER OF DISMISSAL

On September 22, 2010, the *pro se* plaintiff, who is a federal inmate incarcerated at FCI Gilmer, initiated this case by filing a civil rights complaint. In the complaint, the plaintiff alleges that he arrived at FCI Gilmer on September 14, 2010, with medications, including Trazodone, which he had been taking for three years. The plaintiff alleges that the health care staff at FCI Gilmer suddenly took him off the Trazodone because they claimed they did not have that drug available. The plaintiff alleges that because he was not weaned off the drug slowly, he has suffered stomach cramps, headaches, and night sweats.

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997(e)(a). Exhaustion as

provided in § 1997(e)(a) is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A Bivens action, like an action under 42 U.S.C. § 1983, is subject to the exhaustion of administrative remedies. Porter v. Nussle, 534 U.S. 516, 524 (2002). The exhaustion of administrative remedies "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,"[1] and is required even when the relief sought is not available. Booth at 741. Because exhaustion is a prerequisite to suit, all available administrative remedies must be exhausted *prior to* filing a complaint in federal court. See Porter, 534 U.S. at 524 (citing Booth, 532 U.S. at 741) (emphasis added).

In addition, although generally, the exhaustion of administrative remedies should be raised by the defendant as an affirmative defense, the court is not foreclosed from dismissing a case *sua sponte* on exhaustion grounds. See Anderson v. XYZ Prison Health Services, 407 F.3d 674, 681 (4th Cir. 2005). If the failure to exhaust is apparent from the face of the complaint, the court has the authority under to 28 U.S.C. § 1915 to dismiss the case *sua sponte*. Id. at 682.

The Bureau of Prisons provides a four-step administrative process beginning with attempted informal resolution with prison staff (BP-8). If the prisoner achieves no satisfaction informally, he must file a written complaint to the warden (BP-9), within 20 calendar days of the date of the occurrence on which the complaint is based. If an inmate is not satisfied with the warden's response, he may appeal to the regional director of the BOP (BP-10) within 20 days of the warden's response. Finally, if the prisoner has received no satisfaction, he may appeal to the Office of General Counsel (BP-11) within 30 days of

---

[1] Id.

2

the date the Regional Director signed the response. An inmate is not deemed to have exhausted his administrative remedies until he has filed his complaint at all levels. 28 C.F.R.§ 542.10-542.15; Gibbs v. Bureau of Prison Office, FCI, 986 F.Supp. 941, 943 (D.Md. 1997).

Here, it is patently clear that the plaintiff could not have exhausted his administrative remedies prior to filing his complaint with this court. Although it is not clear whether he has made any attempt to exhaust his administrative remedies, once a grievance is filed, responses shall be made by the Warden within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days.

The plaintiff's complaint was signed and notarized on September 20, 2010, six days after he arrived at FCI Gilmer. Therefore, the plaintiff had insufficient time to file his BP-9, receive a response, file a BP-10, receive a response, and file his BP-11 and receive a response, thus exhausting his administrative remedies, before filing his complaint with this Court fourteen days after arriving at FCI Gilmer. Accordingly, it is clear from the face of the complaint that the plaintiff could not have exhausted his administrative remedies, and *sua sponte* dismissal is warranted.

In consideration of the foregoing, it is hereby

**ORDERED** that the plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his administrative remedies. It is further

**ORDERED** that the above-styled action shall be **STRICKEN** from the docket of this Court. It is further

**ORDERED** that the Clerk shall enter an appropriate judgment. It is further

**ORDERED** that, if the plaintiff should desire to appeal the decision of this Court,

written notice of appeal must be received by the Clerk of this Court within thirty (30) days from the date of entry of the Judgment Order, pursuant to Rule 4 of the Federal Rules of Appellate Procedure. The $5.00 filing fee for the notice of appeal and the $450.00 docketing fee should also be submitted with the notice of appeal. In the alternative, at the time the notice of appeal is submitted, the plaintiff may, in accordance with the provisions of Rule 24(a) of the Federal Rules of Appellate Procedure, seek leave to proceed *in forma pauperis* from the United States Court of Appeals for the Fourth Circuit.

It is so **ORDERED**.

The Clerk is directed to mail a copy of this Order to the *pro se* plaintiff by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

DATED: 9-27-2010

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE